UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MICHAEL HALE,                               )
                                            )
                    Plaintiff,              )
                                            )
        v.                                  )        No. 1:25-cv-02215-TWP-TAB
                                            )
GARD,                                       )
NASH,                                       )
HOLLY DENMAN,                               )
                                            )
                    Defendants.             )

**ORDER DENYING MOTION TO RECONSIDER AND DENYING WITHOUT
PREJUDICE MOTION FOR ASSISTANCE WITH RECRUITING COUNSEL**

Before the Court are Plaintiff Michael Hale's Motion to Reconsider the Dismissal of Eskenazi Hospital and Motion for Assistance with Recruiting Counsel. For the reasons discussed below, the Court **denies** the motion to reconsider, (Dkt. 52), and **denies without prejudice** the motion to appoint counsel, (Dkt. 53).

**I.    MOTION TO RECONSIDER DISMISSAL OF ESKENAZI HOSPITAL**

Mr. Hale asks the Court to reconsider its dismissal of his claims against Eskenazi Hospital in the Court's screening order. (Dkt. 52). Assuming, but not deciding, that Eskenazi Hospital was acting under color of state law, the Court previously dismissed Eighth Amendment claims against Eskenazi Hospital because the amended complaint did not allege facts showing that Eskenazi Hospital maintained policies or practices that displayed deliberate indifference to a serious risk to Mr. Hale's health and safety in relation to it allegedly not having a wheelchair-accessible parking garage entrance. *See* dkt. 43 at 4–5. Namely, the Court stated that the amended complaint failed to allege facts showing Mr. Hale "was at serious risk of exposure to harm, and Eskenazi Hospital

1

'kn[ew] of a substantial risk of harm to an inmate and either act[ed] or fail[ed] to act in disregard of that risk.' *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020)." *Id.*

Mr. Hale's motion claims that "[e]mployees of Eskenazi Hospital deliberately left the garage doors open at the entrance of the EMS parking garage allowing the public to enter in an unsafe area of the hospital where it was not wheelchair accessible and where EMS vehicles enter fast to deliver patients." (Dkt. 52 at 2). He claims that "[t]his issue clearly imposed a great risk of injury to the plaintiff by this negligence." *Id.*

There are two issues with Mr. Hale's claims that warrant denial of his motion. First, the amended complaint does not allege that the Eskenazi employees deliberately left the garage door open. To add new factual allegations, Mr. Hale must amend his complaint. Second, even if Mr. Hale filed an amended complaint stating these new allegations, it still would not suffice to show that Eskenazi Hospital was aware of a serious risk in leaving the garage door open and consciously disregarded the risk. Importantly, Eskenazi Hospital cannot be liable for the constitutional violations of its employees under a theory of *respondeat superior*. Section 1983 does not recognize vicarious liability, or an entity's liability for its employees' conduct. *See Butler v. Plasse*, 2023 WL 6201336, at *1 (S.D. Ind. Sept. 22, 2023) (quoting *Simpson v. Brown Cnty*, 860 F.3d 1001, 1005–06 (7th Cir. 2017)) (dismissing claims against sheriff in his official capacity since "municipal governments [including counties] cannot be held liable for damages under 42 U.S.C. § 1983 on a theory of *respondeat superior* for constitutional violations committed by their employees").

The Court's screening order also dismissed Mr. Hale's state-law negligence or premises liability claims without prejudice for lack of subject matter jurisdiction. *See* dkt. 43 at 5–7. The Court determined—and Mr. Hale's motion has confirmed—that the parties do not have diverse citizenship. *See* dkt. 52 at 1. This means that the Court may not exercise its diversity jurisdiction

over the claims. The Court also declined to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), finding that the claims are not part of the "same case or controversy" as the proceeding federal claims against Defendants Sgt. Gard, Ofc. Nash, and Holly Denman. Dkt. 43 at 5–6. Mr. Hale argues that the Court was wrong because the injuries he got from the correctional officer pushing his wheelchair too fast over the metal piece at the bottom of the garage door entrance caused him to be unable to get out of the transport vehicle, which then caused him to get into an altercation with the officers at New Castle Correctional Facility. Dkt. 52 at 3. He also notes that because this happened over two years ago—on August 14, 2023—he cannot pursue the issue in state court.

The Court rejects both arguments. First, as the Court explained previously, claims are part of the "same case or controversy" when they share a "common nucleus of operative fact." *Prolite Bldg. Supply, LLC v. MW Manufacturers, Inc.*, 891 F.3d 256, 258 (7th Cir. 2018). As such, "supplemental jurisdiction is appropriate when the supplemental claim involves the same parties, contracts, and course of action as the claim conferring federal jurisdiction." *Id.* (collecting cases). Although there is a temporal connection between the claims, the claims do not involve the same parties or course of action. Mr. Hale's proceeding federal claims involve excessive force, conditions of confinement, and denial of medical care at New Castle with correctional officers and medical providers who work at that facility. Mr. Hale's injury at Ezkenazi Hospital might have played a role in instigating the altercation at New Castle, but the altercation is ultimately a separate and discrete event that does not have anything to do with Eskenazi Hospital's garage entrance. Second, Mr. Hale is subject to the same statute of limitations in federal court as he would be in state court. *Doe v. Roe No. 1*, 52 F.3d 151, 154 (7th Cir. 1995) ("A state law which bars actions because of a statute of limitations is sufficiently substantive under *Erie* that a federal court

exercising diversity jurisdiction must respect it."). Because Mr. Hale only added his claims against Eskenazi Hospital when he filed his first amended complaint on October 24, 2025, Eskenazi Hospital could raise in either this Court or state court the same affirmative defense that Mr. Hale's claims are barred by the applicable statute of limitations. *See* dkt. 2; dkt. 9. Thus, justice does not require that the Court exercise its supplemental jurisdiction to preserve the timeliness of Mr. Hale's state law claims.

In sum, Mr. Hale's motion to reconsider does not present any arguments that cause the Court to reconsider its dismissal of the claims against Eskenazi Hospital. Mr. Hale's motion, dkt. [52], is thus **DENIED**.

## II.      MOTION FOR ASSISTANCE RECRUITING COUNSEL

Mr. Hale has filed a motion for assistance recruiting counsel. Dkt. 53. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers); *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of

the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. Mr. Hale has attempted to contact four attorneys, but he has not indicated whether the attorneys responded to his requests for representation. Dkt. 53 at 2. Accordingly, the Court finds that Mr. Hale has made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. He should continue to make efforts to find counsel.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "The court's competency evaluation should account for 'the plaintiff's literacy, communication skills, educational level, and litigation experience,' and, to the extent that such evidence is before the court, information 'bearing on the plaintiff's intellectual capacity and psychological history.'" *Watts*, 42 F.4th at 760 (quoting *Pruitt,* 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Eagan*, 987 F.3d at 682 (quoting *Pruitt,* 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering,

preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655).

Here, Mr. Hale claims that he has issues with writing because of chronic shoulder and back pain. Dkt. 53 at 2. He also states that correctional officers at Westville Correctional Facility, where he currently resides, have denied him discovery and legal mail in this case. Although the Court recognizes that these conditions make litigating this case pro se difficult, at this early stage in the case the Court does not see a reason for recruiting counsel. For one, two of the three Defendants have only recently answered the complaint and this case remains in the very early stages. *See* dkts. 64, 66; *Watts*, 42 F.4th at 766 ("It is essential that district courts remain mindful, especially at the early stages of a case, that their evaluation of the plaintiff's claim is being made on uncounseled papers."). One Defendant has yet to be served with the operative complaint. No discovery has been exchanged and therefore, the correctional officers at Westville could not have denied Mr. Hale discovery in this case. The Defendants who answered have raised the affirmative defense that Mr. Hale failed to exhaust his administrative remedies, which means that the Court will issue a scheduling order staying all unrelated matters in this case, including discovery on the merits, until the defense is resolved. Furthermore, thus far Mr. Hale has not demonstrated that his legal mail is being withheld. He has filed multiple amended complaints and motions, making it apparent that he is receiving information about this case.

Second, though Mr. Hale's injury is relevant to the Court's inquiry, at this point it does not appear that Mr. Hale has been unable to handwrite his filings or has been unable to seek help to draft them if needed. If Mr. Hale requires more time to respond to a motion or order due to his injuries, he may file a motion for an extension of time. Indeed, Mr. Hale's filings so far have been coherent, and he has demonstrated that he has a firm grasp on the facts underlying his claims.

Accordingly, Mr. Hale's motion for assistance recruiting counsel, (Dkt. 53), is **denied without prejudice**. The Court will remain alert to changes in circumstances that may warrant reconsideration of the motion, such as a settlement conference or trial.

### III.    CONCLUSION

For the reasons above, Plaintiff's Motion to Reconsider, Dkt. [52], is **DENIED**; and Plaintiff's Motion to Appoint Counsel, Dkt. [53] is **DENIED WITHOUT PREJUDICE**.

The **clerk is directed** to send Mr. Hale a motion for assistance recruiting counsel form, which he must use if he chooses to renew his motion.

**IT IS SO ORDERED.**

Date: 7/10/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

MICHAEL HALE
884687
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All ECF-registered attorneys of record via email

7